Requestor: Robert F. Winne, Esq., Village Attorney Village of Rhinebeck 17 Mill Street Rhinebeck, New York 12572
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the determination whether commissioners of a joint fire district are to be appointed or elected may only be made at the time of the creation of the joint fire district.
Article 11-A of the Town Law authorizes the establishment of joint fire districts for towns and villages. Once established, the affairs of a joint fire district are under the management of a board of commissioners consisting of not less than three nor more than seven members appointed jointly by the town and village boards or elected by the voters, "as may be determined by resolution adopted at the meeting for the establishment of the district in the same manner as the resolution for the establishment of the district is adopted". Town Law § 189-e.
The procedure for establishing a joint district is set forth in section189-a of the Town Law and begins upon a determination by a majority vote of each participating village board and town board at a joint meeting to propose a joint fire district. Id., § 189-a(b). The boards of the several municipalities then hold a joint public hearing regarding the proposal. Ibid. Following the hearing, each municipality's board determines whether it is in the public interest to establish a joint fire district and may enact a resolution subject to permissive referendum establishing the joint fire district. Id., § 189-a(c). If it is determined that the commissioners are to be elected, initial appointments are to be made as provided in subdivision 1 of section 174 of the Town Law by the town board or boards in joint session. Id., § 189-e. Thereafter, elections are to be held in accordance with article 11 of the Town Law and commissioners serve staggered terms. Ibid.
Thus, the enabling legislation for the establishment of joint fire districts includes a specific procedure for the determination of whether commissioners are to be appointed or elected. It calls for this determination to be made at the time of the establishment of the district and the resolution is subject to permissive referendum. Provision is made for initial appointments and the staggering of the terms of elected commissioners. In the face of this specific procedure, we find no authority for reconsideration at a later date of whether commissioners should be elected.
We conclude that the determination whether commissioners of a joint fire district are to be elected or appointed must be made at the time of establishment of the district.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.